UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P170-S

DUANE HAWKINS                                                                                                            PLAINTIFF

v.

CAROLINE MUDD *et al.*                                                                            DEFENDANTS

**MEMORANDUM OPINION**

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). Because the plaintiff failed to exhaust his available administrative remedies prior to filing suit, the court will dismiss the action without prejudice pursuant to 42 U.S.C. § 1997e(a).

**I. PROCEDURAL BACKGROUND AND SUMMARY OF CLAIMS**

**A. Procedural Background**

The plaintiff, Duane Hawkins, initiated this civil rights action while he was incarcerated at the Marion Adjustment Center ("MAC"). Since he had previously filed three actions that were dismissed as frivolous, malicious or legally meritless, the court denied his motion to proceed without prepayment of filing fees and directed him to pay the fee in full (DN 5). Thereafter, the plaintiff was released from custody. In such situations, released prisoners may be entitled to proceed without any further payment of the fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997). Thus, the court directed him to file a non-prisoner application to proceed without prepayment of filing fees (DN 5), and he promptly did so (DN 11). Having reviewed his application, the court concludes that he meets the requirements of 28 U.S.C. § 1915(a), and it will grant the motion by separate order.

## B. Summary of Claims

The caption of the complaint identifies Warden Caroline Mudd as the sole defendant in this case. In the body of the complaint, however, the plaintiff identifies a number of individuals he intended to sue by way of this civil action. Because those persons were not identified in the caption of the complaint as required by the Federal Rules of Civil Procedure, they are not properly before the court. *See* Rule 10(a) ("In the complaint the title of the action *shall* include the names of *all the parties*, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.") (emphasis added). Accordingly, in summarizing the claims and discussing the plaintiff's attempts to exhaust his administrative remedies, the court will confine its discussion to those facts relating exclusively to Warden Mudd.

The plaintiff initiated this civil rights action principally due to what he deems the institution's failure to comply with the established grievance procedures as outlined by the Kentucky Department of Corrections, the retaliatory discharge from his position as in inmate legal aide, and the institution's breach of contract. During the plaintiff's tenure as a legal aide, he observed the staff's widespread non-compliance with the grievance mechanism. He complained about this problem by way of grievances and through letters to the Department's Ombudsman. The Grievance Coordinator fired him from his job on the basis that he misused the responsibilities of his position. He contends, however, that he was dismissed in retaliation for exercising his First Amendment right to free speech and petition the courts for redress of grievances.

The plaintiff attached copies of three grievances he filed with the MAC. In the first, Grievance No. 5299, he claimed that the entire staff violated the Department's establish policies on grievance procedures. In the second, Grievance No. 5445, he challenged his dismissal from his position. Finally, in Grievance No. 5338, he challenged the manner in which inmates are paid for work performed at the institution. In none did he specifically name the Warden as a cause of the problems which he personally experienced.

## II. ANALYSIS

Under 42 U.S.C. § 1997e(a),[1] a prisoner is required to exhaust all available administrative remedies prior to instituting an action under 42 U.S.C. § 1983 or any other federal law. *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002); *Brown v. Toombs* 139 F.3d 1102 (6th Cir. 1998). An inmate bears the burden of alleging and showing that he has exhausted his remedies. *Brown,* 139 F.3d at 1104.

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims. *Id*. Should the prisoner not have the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040 (2000). A prisoner may not raise his claims in informal complaints as he must follow the formal grievance process to properly exhaust all administrative remedies. *Freeman v. Francis,* 196 F.3d 641 (6th Cir. 1999).

---

[1]Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

3

Moreover, a prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied,* 522 U.S. 906 (1997). Should the authorities to whom he has presented his grievance ignore his written plaint, he must proceed to the next level in the grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). Finally, prior to initiating his action in federal court, a prisoner is required to file a grievance against each person he ultimately seeks to sue. *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).[2] District courts are required to dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies. *Brown,* 139 F.3d at 1102.

The Department of Corrections has a multi-step grievance mechanism in place to process inmate grievances. The grievance process is set forth in Policy Number 14.6 VI(I) of the Corrections Policies and Procedures ("CPP"). A prisoner must first attempt to resolve the grievance through the informal resolution process. If the matter cannot be resolved at the informal level, the Grievance Committee holds a hearing concerning the matter. The Committee thereafter makes a recommendation. If the inmate disagrees with the recommendation, he may

---

[2]The Sixth Circuit observed:

> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be §1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

*Curry,* 249 F.3d at 505.

appeal the decision to the warden. If an inmate is not satisfied with the warden's review, the inmate may appeal that decision to the Commissioner for the Department of Corrections. Exhaustion is complete when an inmate has presented his claim through each step of the process to the Commissioner. If at any time, the "time limit for a response from Corrections staff is not met at any level, the grievant has the option of agreeing to a requested extension of the time limit or having the grievance forwarded without action to the next level of review." CPP 14.6(VI)(J)(9).

From a review of the complaint and grievances attached thereto, it is clear that the plaintiff has not exhausted his remedies with respect to claims asserted against this defendant. At no time is Warden Mudd herself named in his grievances. And, because the plaintiff failed to file a grievance against her, he failed to meet § 1997e's exhaustion requirement. Consequently, the court must dismiss his civil action.

The court will enter an order consistent with this memorandum opinion.

Date:

cc: Plaintiff *pro se*
    Defendants
    4411.002